**Opinion issued August 4, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00493-CR

————————————

## LUIS RUIZ SIERRA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1396147**

## O P I N I O N

Luis Ruiz Sierra pleaded guilty to burglary of a habitation with intent to commit sexual assault. *See* TEX. PENAL CODE § 30.02. The trial court classified the offense as a first-degree felony and sentenced Sierra to a 30-year prison term. *See id.* §§ 12.32, 30.02(d). On appeal, Sierra challenges this as an illegal sentence,

arguing that the indictment charged him with burglary under Penal Code section 30.02(a), which is a second-degree felony with a maximum sentence of 20 years. *See id.* §§ 12.33, 30.02(c)(2).

Burglary is classified as a first-degree felony when "the premises are a habitation" and "any party to the offense entered the habitation with intent to commit a felony other than felony theft or committed or attempted to commit a felony other than felony theft." *Id.* § 30.02(d). Because the indictment alleged burglary by concealment with intent to commit sexual assault, as opposed to burglary by entry, Sierra was charged with a second-degree felony offense, not a first-degree felony. *Compare* TEX. PENAL CODE § 30.02(a) *with id.* § 30.02(d). Accordingly, we reverse and remand for resentencing.

## Background

One night, after consuming drugs and alcohol, appellant Luis Ruiz Sierra entered the complainant's apartment while she was out to walk her dogs. He later claimed that he blacked out after taking a pill from a friend. Sierra hid in the shower but left the bathroom light on. Upon discovering Sierra, the complainant screamed, and he choked her until she passed out. Sierra removed her pants and underwear. The police entered the apartment and pulled Sierra away from the complainant. According to the police, Sierra stated afterward that he intended to have sex with the complainant.

Sierra was indicted for burglary. The indictment charged:

> Luis Ruiz Sierra . . . did then and there unlawfully, with intent to commit a felony, namely SEXUAL ASSAULT, remain concealed in a habitation owned by [the complainant], a person having a greater right to possession of the habitation than the Defendant . . . without the effective consent of the Complainant, namely, without consent of any kind.

Sierra pleaded guilty without negotiating a recommended sentence. The plea paperwork stated that he was pleading guilty to "burglary of a habitation with intent to commit sexual assault" and noted that the potential sentencing range was "5 years to 99 years or life." The State submitted a presentencing report describing the incident.

Sierra waived trial by jury. The court held a punishment hearing, and both Sierra and the complainant testified. The court assessed punishment at 30 years in prison, and Sierra did not object. Sierra appealed, and his original appointed lawyer filed an *Anders* brief. This court struck the brief, granted the motion to withdraw, then abated and remanded the case to the trial court for the appointment of new counsel to address all arguable grounds on appeal. *See Sierra v. State*, No. 01-14-00493-CR (Tex. App.—Houston [1st Dist.] May 28, 2015) (abatement order). We review Sierra's new brief on the merits.

## Analysis

In his sole issue, Sierra argues that the court's sentence exceeded the permissible punishment range because he was indicted for burglary as a second-

degree felony. *See* TEX. PENAL CODE § 30.02(a), (c)(2). The State responds that the burglary statute's reference to "any party" implicates party liability in the first-degree category of the offense. *See id.* § 30.02(d). The statute provides:

> An offense under this section is a felony of the first degree if:
>
> (1) the premises are a habitation; and
>
> (2) *any party* to the offense entered the habitation with intent to commit a felony other than felony theft or committed or attempted to commit a felony other than felony theft.

*Id.* (emphasis supplied). The State argues that because party liability does not need to be charged in the indictment and the evidence supported first-degree burglary, the sentence was not illegal.

The Texas Constitution guarantees defendants the right to indictment by a grand jury for all felony offenses. TEX. CONST. art. I, § 10; *Riney v. State*, 28 S.W.3d 561, 564 (Tex. Crim. App. 2000). The indictment serves a dual purpose of protecting citizens against arbitrary accusations by the government and providing a defendant notice of the charged offense so he may prepare an effective defense. *Riney*, 28 S.W.3d at 565. The accused is not required to look elsewhere than the indictment for notice, and "it is not sufficient to say that the accused knew with what offense he was charged." *Id.*

To give proper notice, the indictment must state the offense charged in plain and intelligible language. *See* TEX. CODE CRIM. PROC. art. 21.02(7); *Riney*, 28

4

S.W.3d at 565. In most cases, a charging instrument that tracks the statutory text of an offense provides sufficient notice. *State v. Barbernell*, 257 S.W.3d 248, 251 (Tex. Crim. App. 2008). When "an indictment facially charges a complete offense, it is reasonable to presume the State intended to charge the offense alleged, and none other." *Thomason v. State*, 892 S.W.2d 8, 11 (Tex. Crim. App. 1994). Therefore, when the indictment charges a complete offense, "the State is held to the offense charged in the indictment, regardless of whether the State intended to charge that offense." *Id.*; *see also Rodriguez v. State*, 18 S.W.3d 228, 232 (Tex. Crim. App. 2000) (conviction not authorized on theory not alleged in charging instrument). When analyzing the sufficiency of an indictment, "the critical determination is whether the trial court (and reviewing appellate courts) and the defendant can identify what penal-code provision is alleged." *Kirkpatrick v. State*, 279 S.W.3d 324, 328 (Tex. Crim. App. 2009).

"A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal." *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). Any court with jurisdiction may notice and correct an illegal sentence, even if the defendant did not object in the trial court. *Id.* at 806–07 & n.17. A mischaracterization of an offense in an indictment may lead to a sentence that is in violation of the law. *See Ex parte Rich*, 194 S.W.3d 508, 512 (Tex. Crim. App. 2006). The remedy for a non-negotiated guilty plea that leads to

an illegal sentence is remand for proper assessment of punishment. *See id.* at 514–15.

A burglary may be committed in three distinct ways: (1) intentionally or knowingly entering a building or habitation that is not open to the public without the consent of the owner and with the intent to commit a felony or theft, TEX. PENAL CODE § 30.02(a)(1); (2) intentionally or knowingly remaining concealed in a building or habitation without consent of the owner with the intent to commit a felony or theft, *id.* § 30.02(a)(2); or (3) intentionally and knowingly entering a building or habitation without consent of the owner and committing or attempting to commit a felony or theft, *id.* § 30.02(a)(3). *See DeVaughn v. State*, 749 S.W.2d 62, 64–65 (Tex. Crim. App. 1988).

In this case, the indictment charged Sierra with "remain[ing] concealed in a habitation" with intent to commit the felony of sexual assault. The indictment therefore tracked the language of Penal Code section 30.02(a)(2), which applies when the defendant "*remains concealed*, with intent to commit a felony, theft, or an assault, in a building or habitation." TEX. PENAL CODE § 30.02(a)(2) (emphasis supplied). In contrast, to qualify as a first-degree felony, section 30.02(d) requires that: (1) "the premises are a habitation" and (2) "any party to the offense *entered* the habitation with intent to commit a felony other than felony theft or *committed*

6

*or attempted to commit* a felony other than felony theft." *Id.* § 30.02(d) (emphasis supplied).

It is undisputed that the indictment did not charge Sierra with entering the habitation with intent to commit a felony. *See DeVaughn*, 749 S.W.2d at 65 (intent required at time of entry to satisfy definition under statute). Nor did it charge him with attempt to commit sexual assault, or actually committing sexual assault. Instead, the indictment merely alleged that "with intent to commit a felony, namely SEXUAL ASSAULT," Sierra remained concealed in a habitation. There was also no indication in the indictment of the degree of felony that the State intended to charge. *Cf. Kirkpatrick*, 279 S.W.3d at 329 (heading on face of indictment indicating degree of offense could serve as notice of intent to charge that crime).

The State argues that even though the indictment did not charge the required elements for the first-degree felony version of burglary, the trial court was nonetheless authorized to render judgment under that section of the statute. The State relies upon section 30.02(d)'s use of the term "any party," and suggests that this imputes the "law of parties" into the statute. *See* TEX. PENAL CODE §§ 7.01, 7.02.

Under section 7.01 of the Texas Penal Code, a "person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both."

7

*Id.* § 7.01(a). Section 7.02 is entitled "Criminal Responsibility for Conduct of Another" and establishes a defendant's responsibility for conduct of a third party or as a result of a conspiracy. *Id.* § 7.02. The law of parties as established by section 7.02 generally applies to accomplices or party-conspirators. *See Zamora v. State*, 411 S.W.3d 504, 510–11 (Tex. Crim. App. 2013).

Because Sierra qualifies as a "party" to his own offense under section 7.01(a), the State claims that it did not need to charge the enhanced version of the offense in the indictment. Instead, the State contends it could simply prove the enhancement through evidence as a matter of party liability.

The State is correct that "the law of parties may be applied to a case even though no such allegation is contained in the indictment." *Montoya v. State*, 810 S.W.2d 160, 165 (Tex. Crim. App. 1989); *see also Marable v. State*, 85 S.W.3d 287, 287 (Tex. Crim. App. 2002); *Murkledove v. State*, 437 S.W.3d 17, 21–22 (Tex. App.—Fort Worth 2014, pet. denied). However, the rule that the law of parties need not be alleged in the indictment applies to the manner and means of committing an offense, rather than the indictment's function of providing notice in plain and intelligible language about what offense is being charged. *See Hayes v. State*, 265 S.W.3d 673, 678–79 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). While "the State need not specify, in the indictment, its intent to rely on the law of parties in seeking conviction," this merely means that the indictment does not need

to specifically allege that the defendant is criminally responsible for the conduct of another. *Id.* at 679; *see also Powell v. State*, 194 S.W.3d 503, 506–07 (Tex. Crim. App. 2006). Instead, the State may charge the defendant as the principal and prove criminal responsibility through the law of parties. *See, e.g.*, *Powell*, 194 S.W.3d at 506–07.

This rule does not relieve the State from the necessity of charging the correct offense in the indictment. *Cf. Kirkpatrick*, 279 S.W.3d at 327–28 (defendant must be able to identify what penal-code provision is alleged); *Rodriguez*, 18 S.W.3d at 229–30, 232 (indictment authorizing conviction for intoxication "with alcohol" did not authorize conviction for alternative theory by means of "alcohol, a drug, or a combination"); *Thomason*, 892 S.W.2d at 11 (facial charge of a complete offense, even if unintentional, only authorizes conviction on offense charged in indictment). To hold otherwise would circumvent the requirement that an indictment give adequate notice to the defendant. *See Riney*, 28 S.W.3d at 565.

In this case, Sierra was a "party" to his own offense, as acknowledged under section 7.01. However, even if the law of parties were to apply under sections 7.01 and 30.02(d), the State still would be required to allege a commission of a first-degree felony in the indictment in order to authorize a conviction under that section of the statute. *See Kirkpatrick*, 279 S.W.3d at 327–28; *Thomason*, 892 S.W.2d at 11. The law of parties can be used to prove criminal responsibility without being

9

alleged in the indictment, but it cannot cure a total failure to charge the offense in question. *See Kirkpatrick*, 279 S.W.3d at 327–28; *Powell*, 194 S.W.3d at 506–07; *Hayes*, 265 S.W.3d at 678–79.

The indictment in this case did not authorize a conviction under section 30.02(d). The crime charged in the indictment was burglary by concealment with intent to commit a felony under section 30.02(a), which is a second-degree felony with a maximum sentence of 20 years of imprisonment. *See* TEX. PENAL CODE § 12.33. Therefore, the trial court's sentence of 30 years of imprisonment was illegal, unauthorized, and void. *See Mizell*, 119 S.W.3d at 806; *Rich*, 194 S.W.3d at 512. While Sierra did not object to this sentence at the trial court, this court has "inherent power" to set aside a void judgment "regardless of the technical requirements of an appeal." *Mizell*, 119 S.W.3d at 807 n.17 (quoting *Carter v. State*, 656 S.W.2d 468, 469 (Tex. Crim. App. 1983)).

## Conclusion

We reverse the trial court's sentence and remand for assessment of punishment under Penal Code section 30.02(a).

Michael Massengale
Justice

Panel consists of Justices Higley, Bland, and Massengale.

Publish.  TEX. R. APP. P. 47.2(b).