**Opinion issued September 19, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00179-CR

———————————

**CYNTHIA KAYE WOOD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case No. 1445251**

---

# MEMORANDUM OPINION ON REHEARING[1]

---

[1] We originally issued an opinion in this case on August 1, 2017. The State filed a motion for rehearing. We deny the motion for rehearing, withdraw our August 1, 2017 opinion and judgment, and issue this opinion and judgment in their stead. Our disposition and judgment remain unchanged.

Appellant, Cynthia Kaye Wood, pleaded guilty without an agreed recommendation to the first-degree felony offense of attempted capital murder. Following completion of a presentence investigation report, the trial court conducted a sentencing hearing. At the conclusion of the hearing, the trial court assessed appellant's punishment at life imprisonment.

Appellant raises five points of error. In her first and second points of error, appellant contends that the evidence was insufficient to support her guilty plea to the offense of attempted capital murder. In her third point of error, she argues that her sentence of life imprisonment is illegal. In her fourth point of error, she asserts that her trial attorney rendered ineffective assistance of counsel. In her fifth point of error, she argues that the trial court erred in proceeding with sentencing without a complete psychological evaluation. We reverse and remand for resentencing.

**Background**

On October 16, 2014, the State filed a complaint charging appellant with the felony offense of attempted capital murder.[2] The indictment charged as follows:

> [I]n Harris County, Texas, CYNTHIA KAYE WOOD, hereafter styled the Defendant, heretofore on or about OCTOBER 12, 2014, did then and there unlawfully, intentionally, with the specific intent to commit the offense of CAPITAL MURDER of K.W., hereafter styled the Complainant, do an act, to-wit: USE HER HAND TO IMPEDE THE COMPLAINANT'S ABILITY TO BREATHE, which amounted to

---

[2]   A hospital's security camera showed appellant attempting to suffocate the complainant, her four-month old son, by placing her hand over the complainant's nose and/or mouth on two separate occasions.

more than mere preparation that tended to but failed to effect the commission of the offense intended.

It is further presented that, at the time that the Defendant committed the felony offense of Attempted Capital Murder, on or about October 12, 2014, as hereinabove alleged, she used and exhibited a deadly weapon, namely, Her Hand, during the commission of said offense and during the immediate flight from said offense.

On November 23, 2015, appellant pleaded guilty to the charged offense, without an agreed recommendation, and "true" to the deadly weapon allegation. Appellant requested that the trial court assess punishment following the completion of a presentence investigation (PSI) report. The trial court admonished appellant that the range of punishment for the charged offense was five to ninety-nine years or life and up to a $10,000 fine. At the conclusion of the hearing, the trial court found that there was sufficient evidence to find appellant guilty, but did not make a finding of guilt and reset the case for January 27, 2016.

At the sentencing hearing, the trial court took judicial notice of all of the information in the clerk's file. The State introduced the PSI report into evidence and called Dr. Rebecca Girardet to testify. Dr. Girardet testified that the complainant was born on May 10, 2014, and that he was four months old at the time he was brought to Memorial Hermann Children's Hospital.

At the conclusion of the evidence, the trial court found appellant guilty of attempted capital murder and assessed her punishment at life in prison. This appeal followed.

## Sufficiency of the Evidence

In her first point of error, appellant contends that the evidence was insufficient to support her guilty plea to the offense of attempted capital murder because a necessary element of the charged offense was not both introduced into the record and accepted by the trial court, in contravention of Article 1.15 of the Code of Criminal Procedure. In her second point of error, she argues that the evidence was insufficient to support her guilty plea because the evidence adduced at the sentencing hearing, which included the PSI report, should not have been used to substantiate her guilty plea.

### A. Elements of Attempted Capital Murder

A person commits murder if the person "intentionally or knowingly causes the death of an individual[.]" TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011). A person commits capital murder if "the person commits murder as defined under section 19.02(b)(1)" and an aggravating circumstance exists. *Id.* § 19.03(a). An essential element of capital murder is the presence of one of the aggravating circumstances enumerated in the statute. *See id.* Section 19.03(a) enumerates nine possible aggravating circumstances which elevate murder to capital murder, one of which is the murder of "an individual under 10 years of age." *Id.* § 19.03(a)(8).

Under Penal Code section 15.01(a), "[a] person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere

preparation that tends but fails to effect the commission of the offense intended." *Id.* § 15.01(a) (West 2011). Attempted capital murder is a first-degree felony which carries a punishment range of imprisonment for life or for any term of no more than ninety-nine years or less than five years. *See* TEX. PENAL CODE §§ 12.32(a), 15.01(d), 19.03(b) (West 2011).

### B. Code of Criminal Procedure Article 1.15

Article 1.15 states:

> No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005).

The evidence offered to support a guilty plea can take several forms. *See Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Evidence can be proffered in testimonial or documentary form, in the form of an oral or written stipulation, or in the form of a judicial confession. *See id.* So long as a judicial

5

confession covers all of the elements of the charged offense, it will suffice to support the guilty plea. *See id.*

## C. Analysis

On November 23, 2015, appellant signed a document entitled Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, which stated, in relevant part:

> In open court and prior to entering my plea, I waive the right of trial by jury. I also waive the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination. The charges against me allege that in Harris County, Texas, **CYNTHIA KAYE WOOD,** hereafter styled the defendant, heretofore on or about **OCTOBER 12, 2014**, did then and there unlawfully, intentionally, with the specific intent to commit the offense of CAPITAL MURDER of K.W., hereafter styled the Complainant, do an act, to-wit: USE HER HAND TO IMPEDE THE COMPLAINANT'S ABILITY TO BREATHE, which amounted to more than mere preparation that tended to but failed to effect the commission of the offense intended.

**AGAINST THE PEACE AND DIGNITY OF THE STATE.**

> It is further alleged that during the commission of the felony offense of attempted capital murder, the Defendant, used and exhibited a deadly weapon, namely, her hands, on or about October 12, 2014.

> I understand the above allegations and I confess that they are true and that the acts alleged above were committed on October 12, 2014.

> In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements, of witnesses, and other documentary evidence.

Appellant argues that her judicial confession does not constitute sufficient evidence to support her plea of guilty to the charge of attempted capital murder

because her confession did not establish every element of the offense of attempted capital murder. Specifically, she asserts that although the document describes a murder, it makes no reference to an aggravating factor (here, the complainant's age).

When a stipulation or confession is deficient and does not establish every element of the offense charged, the lack of evidence "may be compensated for by other competent evidence in the record." *Menefee*, 287 S.W.3d at 14. This includes evidence presented during a sentencing hearing. *Stewart v. State*, 12 S.W.3d 146, 147–49 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (stating that "article 1.15 does not distinguish between evidence offered at the guilt/innocence phase and the punishment phase of the trial" and "simply requires that there be evidence in 'the record showing the guilt of the defendant.'") (quoting TEX. CODE CRIM. PROC. ANN. art. 1.15)); *Menefee III v. State*, No. 12–07–00001–CR, 2010 WL 3247816, at *1, *6–7 (Tex. App.—Tyler Aug. 18, 2010, pet. ref'd) (mem. op., not designated for publication) (on remand, finding evidence at sentencing hearing sufficient to support guilty plea).

To satisfy the sufficiency requirements of Article 1.15, the State was required to offer supporting evidence that embraced every element of the charged offense. *See Menefee*, 287 S.W.3d at 13. The State presented evidence during the sentencing hearing, including Dr. Girardet's testimony and the PSI report, which was sufficient to support the charged offense. *See id.* at 18–19; *Stewart*, 12 S.W.3d at 147–49. Dr.

7

Girardet testified that the complainant was born on May 10, 2014, and that he was four months old at the time he was brought to Memorial Hermann Children's Hospital. The PSI report referred to the complainant as a "premature infant."

Appellant concedes that this evidence was sufficient to support her plea of guilty to attempted capital murder but contends that the evidence cannot be used to support her guilty plea because the record does not reflect that the trial court accepted the evidence adduced at the sentencing hearing as the basis for its judgment of conviction as required by Article 1.15. Rather, appellant argues, the trial court explicitly decided that appellant's guilty plea was supported on the basis of evidence produced at the November 23, 2015 guilty plea hearing. In support of her argument, appellant relies on the following statement by the trial court: "[B]ased on your plea and on the papers that you filed today, I'm going to find there is sufficient evidence to find you guilty, but I'm going to make no further finding today."

We recently rejected a similar argument in *Doyle v. State*, No. 01-16-00522-CR, 2017 WL 711747 (Tex. App.—Houston [1st Dist.] Feb. 23, 2017, no pet.) (mem. op., not designated for publication). There, the defendant argued that there was no indication in the record that the trial court "accepted" the evidence at the sentencing hearing "as the basis for its judgment" of conviction. *See id*. at *3. He argued that the record, instead, indicated that the trial court determined guilt based

only on what transpired when he entered his guilty plea three months earlier without regard to evidence received later.

> Disagreeing with the defendant's construction of Article 1.15, we noted:

> The plain meaning of the text of Article 1.15 does not support appellant's argument. Article 1.15 does not impose a duty on the trial court to designate which body of evidence supported, and by implication which did not support, its judgment. Instead, it requires the trial court to accept the evidence of guilt the State offered, without differentiation: "[I]t shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment." TEX. CODE CRIM. PROC. art. 1.15; *cf. Stewart*, 12 S.W.3d at 148 ("Article 1.15 simply requires that there be evidence in 'the record showing the guilt of the defendant.' ").

*Doyle*, 2017 WL 711747, at \*4.

The court concluded that the record did not support the defendant's argument, either. *See id*. It noted that the trial court did not limit the evidence of guilt to that received before the sentencing hearing. *Id.* Rather, following the defendant's guilty plea, the trial court expressly stated that it would "withhold any findings" to await the PSI report that was admitted as evidence at the sentencing hearing. *Id.* Only after that evidence was admitted, did the trial court find the defendant guilty. *Id.*

Similarly, the trial court here did not limit the evidence of guilt to that received before the sentencing hearing. The trial court deferred a finding of guilty at the plea hearing, and only after testimony was presented and the PSI report was admitted at the sentencing hearing did it find appellant guilty and enter judgment.

9

Because there was sufficient evidence to support appellant's conviction for attempted capital murder, we overrule appellant's first and second points of error.

**Legality of Sentence**

In her third point of error, appellant contends that the evidence was sufficient only to support a second-degree felony conviction, which carries a punishment of two to twenty years' confinement, and therefore, her life sentence is illegal. In her supplemental reply brief, she further argues that her life sentence is illegal because the indictment in this case only authorized a second-degree felony conviction.

We note that issues generally may not be raised for the first time in a reply brief. *See* TEX. R. APP. P. 38.3; *Morales v. State*, 371 S.W.3d 576, 589 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd); *Barrios v. State*, 27 S.W.3d 313, 322 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). However, "[a] trial or appellate court which otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence." *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("There has never been anything in Texas law that prevented *any* court with jurisdiction over a criminal case from noticing and correcting an illegal sentence.") (emphasis in original); *Sierra v. State*, 501 S.W.3d 179, 183 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *Baker v. State*, 278 S.W.3d 923, 927 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). We therefore address appellant's argument that her

life sentence is illegal because the indictment only authorized a second-degree felony conviction.

Here, the indictment charged appellant with

> unlawfully, intentionally, with the specific intent to commit the offense of CAPITAL MURDER of K.W., hereafter styled the Complainant, do an act, to-wit: USE HER HAND TO IMPEDE THE COMPLAINANT'S ABILITY TO BREATHE, which amounted to more than mere preparation that tended to but failed to effect the commission of the offense intended.

The indictment tracked the language of Penal Code sections 19.02(b)(1) (murder) and 15.01(a) (criminal attempt), but it did not allege any of the aggravating circumstances that elevate the offense of murder to capital murder. *See* TEX. PENAL CODE § 19.03(a).

The Texas Constitution guarantees defendants the right to indictment by a grand jury for all felony offenses. TEX. CONST. art. I, § 10; *Riney v. State*, 28 S.W.3d 561, 564 (Tex. Crim. App. 2000). The indictment serves a dual purpose of protecting citizens against arbitrary accusations by the government and providing a defendant notice of the charged offense so he may prepare an effective defense. *Riney*, 28 S.W.3d at 565. The accused is not required to look elsewhere than the indictment for notice, and "it is not sufficient to say that the accused knew with what offense he was charged." *Id.*

In *Sierra*, we held that "[w]hen 'an indictment facially charges a complete offense, it is reasonable to presume the State intended to charge the offense alleged,

11

and none other.'" 501 S.W.3d at 182–83 (quoting *Thomason v. State*, 892 S.W.2d 8, 11 (Tex. Crim. App. 1994)). "Therefore, when the indictment charges a complete offense, 'the State is held to the offense charged in the indictment, regardless of whether the State intended to charge that offense.'" *Sierra*, 501 S.W.3d at 182–83 (quoting *Thomason*, 892 S.W.2d at 11); *see also Rodriguez v. State*, 18 S.W.3d 228, 232 (Tex. Crim. App. 2000) (concluding conviction not authorized on theory not alleged in charging instrument). To hold otherwise would circumvent the requirement that an indictment give adequate notice to the defendant. *See Riney*, 28 S.W.3d at 565.

Here, the indictment charged a complete offense—attempted murder. Although the State intended to charge appellant with the offense of attempted capital murder, it did not do so because the aggravating factor was missing from the indictment. *See Crawford v. State*, 632 S.W.2d 800, 801 (Tex. App.—Houston [14th Dist.] 1982, pet. ref'd) (reversing defendant's conviction for capital murder where indictment did not allege "aggravated rape" as enhancing offense under Penal Code section 19.03(a)(2) elevating murder to capital murder). The term "capital murder" is a term that describes a sentencing regime rather than a criminal offense. There is no crime of capital murder that is different from murder. Capital murder is murder. But, it is murder that is accompanied by an aggravating factor that provides the State with a greater range of punishment than that which applies to the offense of murder.

The requirement that the indictment allege the aggravating factor under section 19.03(a)(2) is particularly important given that the statute lists nine possible aggravating circumstances elevating the offense of murder to capital murder. The indictment in this case did not authorize a conviction for attempted capital murder, and the State is held to the offense charged in the indictment. *See Sierra*, 501 S.W.3d at 183.

The crime charged in the indictment was attempted murder which is a second-degree felony offense with a maximum sentence of confinement of twenty years. *See* TEX. PENAL CODE ANN. §§ 19.02(c), 15.01(d), 12.33(a) (West 2011). "A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal." *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003). Consequently, the trial court's sentence of life imprisonment in this case was "illegal, unauthorized, and void." *Sierra*, 501 S.W.3d at 185 (holding that trial court's sentence of thirty years' imprisonment was illegal, unauthorized, and void where crime charged in indictment was second-degree felony which carried maximum sentence of twenty years' imprisonment); *see also Mizell*, 119 S.W.3d at 806; *Ex parte Rich*, 194 S.W.3d 508, 512 (Tex. Crim. App. 2006) (concluding that mischaracterization of offense in indictment resulted in sentence in violation of law). The remedy for a non-negotiated guilty plea that leads to an illegal

sentence is remand for proper assessment of punishment.  *See Rich*, 194 S.W.3d at 514–15.  Accordingly, we sustain appellant's third point of error.[3]

## Conclusion

We reverse appellant's conviction for attempted capital murder, order the trial court to adjudge appellant guilty of attempted murder, and remand the case for assessment of punishment.


Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).

---

[3]    In light of our disposition, we do not reach appellant's fourth point of error arguing that trial counsel rendered ineffective assistance of counsel, or her fifth point of error asserting that the trial court erred in proceeding with sentencing without a complete psychological evaluation.