

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00318-CR

_____

CHRISTIAN ROSAS, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1550875

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

A jury convicted Appellant Christian Rosas of the offense of continuous sexual abuse of a young child. *See* Tex. Penal Code Ann. § 21.02(b). The jury assessed Appellant's punishment at thirty years' imprisonment. The trial court's judgment imposed the jury's punishment.

Appellant raises two issues. First, he contends that the trial court erred by admitting victim-impact testimony during the guilt–innocence stage of his trial. His claim on appeal fails to comport with his trial objection; thus, he has forfeited his claim of error. Second, Appellant contends that the indictment contains a defect in the allegation of his age and that the defect means that the indictment charged him with only the offense of indecency with a child and not with the offense of continuous sexual abuse of a young child. He concedes that the evidence is sufficient to support a conviction for indecency but asserts that the sentence he received is outside the penalty range for an indecency offense and is thus illegal. We disagree that the indictment failed to allege the elements of the offense of continuous sexual abuse of a young child or was so defective that it deprived Appellant of notice that he was charged with that offense. Because we rule against Appellant on both of his issues, we affirm the trial court's judgment.

## II. Factual and Procedural Background[1]

Appellant (who was not the complainant's father) and the complainant's mother were in a multi-year relationship. After the relationship ended, the complainant eventually revealed to her mother that Appellant had engaged in inappropriate conduct with her when she was younger. The complainant's allegations were reported to the police. Subsequently, the complainant was interviewed by a forensic interviewer to whom she described Appellant's acts of abuse, and she was examined by a sexual assault nurse examiner to whom she also described the acts of abuse.

Appellant was subsequently indicted for continuous sexual abuse of a young child in the first count of the indictment and for four other counts. The jury found Appellant guilty of the continuous sexual abuse charge and did not reach the remaining charges.

---

[1]We forgo a detailed factual and procedural background. Appellant does not raise a sufficiency challenge. The issues raised involved discrete matters—one answer during the complainant's mother's testimony and the indictment's wording. There is no reason to lengthen this opinion with a background, especially when a recitation of the facts would require a description of the acts of sexual abuse that the complainant claims that she suffered.

### III.  Analysis

**A.  Appellant's first issue is based on a claim of improper admission of victim-impact testimony.**

> **1.  We overrule Appellant's first issue because his challenge on appeal does not comport with his trial objection.**

In his first issue, Appellant contends that he was harmed when the complainant's mother was asked how reporting a claim of sexual abuse to the police had affected the complainant, and her mother responded that her relationship with the complainant had improved after a report was made.[2]  Appellant contends that this was impermissible victim-impact testimony.  But Appellant objected only to the question on the grounds of relevance and the Confrontation Clause.  Appellant does not argue that his Confrontation Clause objection preserved his complaint, but he does argue that his relevance objection did.  Especially in light of the context of the question asked, a relevancy objection did not preserve Appellant's contention on appeal.

> **2.  We set forth the question and answer about which Appellant complains on appeal.**

The exchange that Appellant relies on to support his contention consumes one page of the record:

> Q.  And -- and since going to the police, how has this whole thing affected [the complainant]?

---

[2]We review questions of the admissibility of evidence under an abuse-of-discretion standard.  *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

4

[DEFENSE COUNSEL]: Objection, relevance and confrontation, Your Honor.

THE COURT: Overruled.

THE [COMPLAINANT'S MOTHER]: Can you ask the question again?

Q. (BY [THE PROSECUTOR]) Yeah, yeah. So since going to the police, you know, when you went to the police and reported everything, how has that affected [the complainant]?

A. I feel like we got her back. I feel like she -- she's been more present. It's been kind of progressive. But there was a lot of things we had to do. We had to go to appointments, and we had to go to counseling for a year where she went separate and I went separate, with the parents. Things have gotten a lot better since we've reported it. It feels like the chaos is gone.

And it's been -- it's difficult to understand what's happened to her because I didn't -- I didn't have all the information at the time. So, I -- my relationship with [the complainant] has been -- it's not what it should have been. I feel like I just do everything that I can to make sure that she has what she needs. And I just wish that she had told me. I wish that she had given me the opportunity to do the right -- do the thing when it was happening.

3. **We set forth Appellant's contention that the trial court improperly admitted victim-impact testimony.**

Concisely, "'[v]ictim-impact' evidence . . . is evidence concerning the effect of the crime after the crime occurs." *Reynolds v. State*, 371 S.W.3d 511, 525 (Tex. App.— Houston [1st Dist.] 2012, pet. ref'd) (first citing *Hayden v. State*, 296 S.W.3d 549, 553 (Tex. Crim. App. 2009); and then citing *Haley v. State*, 173 S.W.3d 510, 517 (Tex. Crim. App. 2005)). As a general proposition, victim-impact evidence is not admissible during the guilt–innocence stage of trial. *Id.*

5

Appellant characterizes the quoted testimony as constituting victim-impact evidence for the following reason:

> Here, despite [Appellant's] "relevance" objection, the trial court allowed [the complainant's mother] to testify that the offense [had] affected [the complainant] because "there was a lot of things" [the complainant] had to do, including "counseling for a year" in order for her to have "gotten a lot better[,]" to become "more present[,]" and to leave the "chaos" behind. [The complainant's mother's] testimony about the psychological aftermath of the offense on [the complainant] was victim-impact evidence. [Record reference omitted.]

### 4. The victim-impact argument that Appellant raises on appeal does not comport with the relevance objection that he lodged at trial, and thus he has forfeited error.

We agree with the State that Appellant has forfeited error because his victim-impact argument on appeal does not comport with his relevance trial objection. *See Lucio v. State*, 351 S.W.3d 878, 900–02 (Tex. Crim. App. 2011) (holding that error was not preserved because the point of error asserted on appeal did not comport with the objection raised at trial); *see also* Tex. R. App. P. 33.1(a)(1)(A) (noting that the complaint to the trial court must state "the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint").

We have held that a relevancy objection does not preserve the contention on appeal that a statement is inadmissible as victim-impact testimony:

> During the entire course of [the extraneous-offense victim's] testimony, the defense made no objection that her testimony constituted impermissible victim-impact testimony. Instead, the defense objected only that [the extraneous-offense victim's] testimony was irrelevant,

6

highly prejudicial, and below the threshold requirement of admissibility. Therefore, although [appellant] challenges [the extraneous-offense victim's] testimony as inadmissible victim-impact testimony, we conclude that [appellant] has failed to preserve any error regarding its admission because the objection at trial does not comport with the complaint raised on appeal. *See Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999) . . . .

*Karnes v. State*, 127 S.W.3d 184, 195 (Tex. App.—Fort Worth 2003, pet. ref'd).

A raft of opinions from our sister courts of appeals also hold as we did in *Karnes. See McConico v. State*, No. 14-23-00847-CR, 2025 WL 597074, at *8 (Tex. App.—Houston [14th Dist.] Feb. 25, 2025, no pet.) (mem. op., not designated for publication) (holding that objection that argument was outside the record or nontestimonial did not preserve claim that argument improperly referenced victim-impact argument); *Tanner v. State*, No. 06-22-00030-CR, 2022 WL 3567909, at *5 (Tex. App.—Texarkana Aug. 19, 2022, no pet.) (mem. op., not designated for publication) ("Objections to testimony at trial on grounds that it is 'irrelevant, highly prejudicial, and below the threshold requirement of admissibility' does not preserve an appellate challenge that testimony constitutes inadmissible victim-impact testimony 'because the objection at trial does not comport with the complaint raised on appeal.'"); *Kinsey v. State*, No. 01-20-00088-CR, 2022 WL 2976225, at *11 (Tex. App. —Houston [1st Dist.] July 28, 2022, pet. ref'd) (mem. op., not designated for publication) (holding that relevancy objection did not preserve objection that statements were inadmissible victim-impact testimony); *Velasquez v. State*, No. 09-21-00242-CR, 2022 WL 2056983, at *4 (Tex. App.—Beaumont June 8, 2022, no pet.) (mem. op., not designated for

7

publication) ("[Appellant's] relevancy objection during trial does not comport with her complaint on appeal [that the testimony constituted victim-impact testimony], and therefore she has not preserved her challenge that the victim-impact testimony was improperly admitted."); *Davila v. State*, No. 05-19-00917-CR, 2020 WL 7350624, at *3 (Tex. App.—Dallas Dec. 15, 2020, no pet.) (mem. op., not designated for publication) ("To preserve a complaint regarding the erroneous admission of victim-impact evidence for appellate review, the defendant must object on the ground that the evidence constitutes impermissible victim-impact evidence."); *Mukherjee v. State*, No. 01-17-00884-CR, 2019 WL 7341673, at *14 (Tex. App.—Houston [1st Dist.] Dec. 31, 2019, pet. ref'd) (mem. op., not designated for publication) (stating that "to preserve a complaint about the erroneous admission of victim-impact evidence, the defendant must object on the ground that [the] evidence constitutes impermissible victim-impact evidence"); *Maldonado v. State*, No. 05-16-01457-CR, 2018 WL 833372, at *2 (Tex. App.—Dallas Feb. 13, 2018, no pet.) (mem. op., not designated for publication) (holding that relevance objection did not preserve complaint regarding erroneous admission of victim-impact evidence); *Reynolds*, 371 S.W.3d at 525 ("To preserve a complaint regarding the erroneous admission of victim-impact evidence for appellate review, the defendant must object on the ground that the evidence constitutes impermissible victim-impact evidence.").

In the face of this litany of holdings that a relevance objection does not preserve a claim that statements are inadmissible because they constitute victim-

8

impact testimony, Appellant cites one opinion from the Fourteenth Court of Appeals. *See Mena v. State*, No. 14-18-01080-CR, 2020 WL 3240784 (Tex. App.—Houston [14th Dist.] June 16, 2020, pet. ref'd) (mem. op., not designated for publication). *Mena* has one sentence stating that "[a] relevancy objection specifically pinpoints the rule of evidence that forbids victim-impact evidence during the guilt–innocence phase and preserves the issue for review." *Id.* at \*3 (citing *Miller-El v. State*, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990)). We will not follow *Mena*'s holding. First, that holding stands in contradiction to the same court's opinion in *McConico* cited above. 2025 WL 597074, at \*8. Second, the authority that *Mena* cites does not support the proposition that *Mena* cited it for; the cited Court of Criminal Appeals opinion did not deal with the question of preservation but instead dealt with whether victim-impact testimony was admissible in the punishment stage of a criminal trial. *See Miller-El*, 782 S.W.2d at 897. Third, our holding in *Karnes* and the litany of similar holdings of our sister courts that we have cataloged are contrary to *Mena*'s outlier holding.

The requirement—that Appellant must have asserted a victim-impact objection—is not an empty formality in this case. The testimony quoted was not so much a description of the abuse's effect on the complainant as it was an explanation of how her behavior had changed after she was able to reveal what had happened to her. A child's behavior may well be relevant to whether abuse has occurred. As noted by the First Court of Appeals,

A complainant's change in behavior is relevant to allegations of sexual abuse or assault if either occurrence or consent are disputed[] because the change in behavior makes it more probable that the alleged abuse or assault took place. *See, e.g.*, *Gonzalez v. State*, 455 S.W.3d 198, 203–04 (Tex. App.—Houston [1st Dist.] 201[4], pet. ref'd) (evidence of child's post-traumatic stress disorder held admissible in case in which source of trauma—sexual assault by defendant or physical abuse by mother—was disputed); *Yatalese v. State*, 991 S.W.2d 509, 511 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (teenager's transformation from "normal, regular little girl" to having "very bad attitude" and "a lot of anger" since alleged sexual assault held admissible in case in which the defendant disputed that the assault [had] occurred).

*Fuller v. State*, Nos. 01-14-00796-CR, 01-14-00797-CR, 2016 WL 1267912, at *9 (Tex. App.—Houston [1st Dist.] Mar. 31, 2016, pet. ref'd) (mem. op., not designated for publication).

Here, the testimony was tied to the complainant's behavior and was, at least, arguably relevant. Appellant's objection left the trial court to sort out the calculus of relevance and did not alert the trial court that Appellant's actual concern was that the testimony constituted victim-impact evidence. The trial court never had the opportunity to analyze the evidence in light of the contention that Appellant raises on appeal. Ensuring that the objection at trial comports with the issue on appeal gives the trial court an opportunity to evaluate an objection on the same basis that we will as an appellate court. *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (stating that the objecting party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him

10

at a time when the judge is in the proper position to do something about it"). Here, the trial court was deprived of that opportunity.

Accordingly, we overrule Appellant's first issue.

### B. Appellant's second issue is based on the claim that he was illegally sentenced for an offense that the indictment did not charge.

#### 1. We overrule Appellant's contention that the indictment charged him for indecency with a child rather than continuous sexual abuse of a young child.

In his second issue, Appellant contends that because of an error in Count One of the indictment, he was not charged with the offense of continuous sexual abuse of a young child. Instead, because of the indictment's defect, he contends that he was charged only with the offense of indecency with a child. He concedes that the evidence is sufficient to support a conviction for indecency with a child but argues that the sentence he received is illegal because it exceeded the penalty range for that offense. We disagree that the indictment omitted an element of the offense of continuous sexual abuse of a young child and correspondingly failed to charge Appellant with that offense or to give him notice that he was charged with that offense.[3]

---

[3]The State argues that Appellant waived his claim of error because he did not object to the indictment until after the trial commenced. *See* Tex. Code Crim. Proc. Ann art. 1.14(b) (stating that "[i]f the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences," then "he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding"). But Appellant's argument is that he was convicted and sentenced for an offense that the indictment did not charge. As the

11

**2.** **We set forth the indictment's provisions, Appellant's contention that it charged only the offense of indecency with a child, and his reasoning for why he should be sentenced for that offense.**

The indictment clearly contained an error. It omitted the name of the complainant when it alleged that she was fourteen years of age or younger at the time of the acts of sexual abuse committed by Appellant. This defect appears in the last clause of the paragraph alleging Count One. We quote Count One:

> That Christian Rosas, hereinafter called [Appellant], in the County of Tarrant, State of Texas, on or about the 20th day of April 2013, through the 20th day of April 2016, during a period of time that is 30 days or more in duration, did commit two or more acts of sexual abuse, namely: aggravated sexual assault of a child under 14, by causing the sexual organ of [Appellant] to contact the sexual organ of [F.D.[4]] and/or indecency with

First Court of Appeals has noted, this objection need not be raised at trial, and thus we may review it though raised for the first time on appeal:

> The indictment in this case did not authorize a conviction under [S]ection 30.02(d)[, which is for a first-degree felony]. The crime charged in the indictment was burglary by concealment with intent to commit a felony under [S]ection 30.02(a), which is a second-degree felony with a maximum sentence of 20 years of imprisonment. *See* Tex. Penal Code [Ann.] § 12.33. Therefore, the trial court's sentence of 30 years of imprisonment was illegal, unauthorized, and void. *See Mizell*[ *v. State*], 119 S.W.3d [804,] 806 [(Tex. Crim. App. 2003)]; [*Ex parte*] *Rich*, 194 S.W.3d [508,] 512 [(Tex. Crim. App. 2006)]. While [appellant] did not object to this sentence [in] the trial court, this court has "inherent power" to set aside a void judgment "regardless of the technical requirements of an appeal." *Mizell*, 119 S.W.3d at 807 n.17 (quoting *Carter v. State*, 656 S.W.2d 468, 469 (Tex. Crim. App. 1983)).

*Sierra v. State*, 501 S.W.3d 179, 185 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

[4]To protect the complainant's identity from disclosure, we have substituted initials for her name, which appears in full in the indictment.

a child by touching any part of the genitals of [F.D.] and/or by touching any part of the body of [F.D.], including through the child's clothing, with any part of the genitals of [Appellant], and at the time of the commission of each of these acts of sexual abuse [*Appellant*] *was 17 years of age or older and was younger than 14 years of age regardless of whether* [*Appellant*] *knows the age of* [*F.D.*] [Emphasis added and all caps removed for ease of reading here and each time the indictment is referenced below.]

The complainant's name is obviously omitted from the last independent clause of the paragraph where the complainant's name should have been included as the subject of the clause, i.e., the clause should have read as follows: "[Appellant] was 17 years of age or older and [*F.D.*] was younger than 14 years of age regardless of whether [Appellant knew] the age of [F.D.]" [Added term in italics.]

Appellant contends that because of the error, "[t]he language of the indictment authorized conviction on proof that 'the defendant . . . was younger than 14 years of age[.']" From this characterization, Appellant spins the argument that the indictment failed to allege an element required by the Penal Code to prove the offense of continuous sexual abuse of a young child—that element being "at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older." *See* Tex. Penal Code Ann. § 21.02(b)(2).[5] Assuming that the indictment fails to allege

_____

[5]Specifically, Appellant phrases his argument as follows:

Here, the indictment attempted to allege continuous sexual abuse of a child, but it got one element wrong: the defendant's age. The language of the indictment authorized conviction on proof that "the defendant . . . was younger than 14 years of age . . . ." One element of continuous sexual abuse of a child is that the defendant was 17 years of age or older. Tex. Penal Code [Ann.] § 21.02(b)(2); *see also, e.g.*, *Michell v. State*, 381

13

this element, Appellant's argument continues that the failure to allege that the actor's age exceeded 17 years in combination with the indictment's failure to allege a mens rea demonstrates that the only offense alleged in the indictment was that of indecency with a child.[6] *See id.* § 21.11(a).[7]

---

S.W.3d 554, 560–61 (Tex. App.—Eastland 2012, no pet.). Thus, the indictment was not facially complete for a continuous-sexual-abuse offense. [Record references omitted.]

[6]The mens rea issue arises because Appellant argues that

the indictment might have alleged aggravated sexual assault of a child, but it again got an element wrong: no *mens rea* was alleged. One element of aggravated sexual assault of a child is that the offense was committed intentionally or knowingly. *See* Tex. Penal Code [Ann.] § 22.021(a)(1)(B); *see also, e.g.*, *Curtis v. State*, 89 S.W.3d 163, 175 (Tex. App.—Fort Worth 2002, pet. ref'd). Thus, the indictment was likewise not facially complete for an aggravated-sexual-assault offense. [Record reference omitted.]

Of course, the continuous-sexual-abuse-of-a-young-child statute has no mens rea element of its own. *Love v. State*, 706 S.W.3d 584, 603 (Tex. App.—Austin 2024, pet. ref'd) ("The indictment and application paragraph lacked a culpable mental state because continuous sexual abuse of a young child has no mens rea element of its own; '[t]he applicable culpable mental states are those required for the commission of the constituent offenses.'"). Thus, we do not read Appellant's argument as suggesting that the indictment omitted an element of the offense of continuous sexual abuse of a young child but that if we assume that the indictment failed to allege his age, the offense alleged cannot be aggravated sexual assault because no mens rea is alleged. Because we hold that the indictment alleged continuous sexual abuse of a young child, Appellant's mens rea argument is inapposite.

[7]The elements of the offense of indecency with a child are as follows:

(a) A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex and regardless of whether the person knows the age of the child at the time of the offense, the person:

With his assumptions in place, Appellant invokes the principle that he could be convicted only of the offense that the indictment charged. He relies on the principle that "[w]hen an indictment charges a complete offense, the State is held to the offense charged in the indictment, regardless of whether the State intended to charge that offense." *See Mambe v. State*, No. 02-19-00318-CR, 2020 WL 6601594, at *2 (Tex. App.—Fort Worth Nov. 12, 2020, no pet.) (per curiam) (mem. op., not designated for publication) (citing *Thomason v. State*, 892 S.W.2d 8, 11 (Tex. Crim. App. 1994)).

Conceding that the evidence is sufficient to support a conviction for indecency with a child, Appellant then argues that the thirty-year sentence he received exceeds the penalty range specified for the offense of indecency with a child because that offense is a second-degree felony that has a penalty range "of not more than 20 years or less than 2 years." *See* Tex. Penal Code Ann. §§ 12.33(a), 21.11(d). For this reason,

> (1) engages in sexual contact with the child or causes the child to engage in sexual contact[.]
>
> . . . .
>
> (c) In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person:
>
> (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or
>
> (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person.

Tex. Penal Code Ann. § 21.11(a)(1), (c).

Appellant contends that his sentence is illegal, relying on the principle that "[a] sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal." *Mizell*, 119 S.W.3d at 806. Thus, he argues that we should reform the judgment to reflect a conviction for the offense for which he was charged and remand this matter for a new punishment hearing. *See Mambe*, 2020 WL 6601594, at *3 (modifying the judgment of conviction and remanding for a new punishment hearing when the parties conceded that appellant had received a sentence outside the penalty range for the offense charged in the indictment).

### 3. Recent precedent from the Court of Criminal Appeals establishes that the indictment adequately alleged the offense of continuous sexual abuse of a young child.

Appellant's argument suffers from a failure to acknowledge contrary precedent from the Court of Criminal Appeals. The Court of Criminal Appeals has recently struggled with the effect of defective indictments in an opinion that dealt with an indictment that garbled the elements of aggravated sexual assault of a child. *See Gutierrez v. State*, 710 S.W.3d 804, 806–13 (Tex. Crim. App. 2025). Specifically, the indictment in *Gutierrez* "mixed" parts of two different subsections of the relevant section of the Penal Code specifying aggravating factors to the offense. *Id.* at 811 (citing Tex. Penal Code Ann. §§ 22.021(a)(2)(A)(ii), (iii)).

*Gutierrez* began its analysis by noting that a sufficiency analysis turns on a comparison of "the evidence produced at trial to 'the elements of the offense as defined by the hypothetically correct jury charge.'" *Id.* at 809. In turn,

16

> [a] hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." [*Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)]. The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).

*Id.* at 809. To meet constitutional muster, an indictment must charge "the commission of an offense." *Id.* at 809–10. By doing so, the indictment performs two functions: (1) it vests the trial court with jurisdiction; and (2) "it gives notice to the defendant of the offense with which he has been charged so that he can prepare a defense." *Id.* at 810. In performing its second function, "[t]he charging instrument must be 'specific enough to inform the accused of the nature of the accusation against him' and 'to allow him to investigate the allegations against him and establish a defense.'" *Id.* (quoting *State v. Moff*, 154 S.W.3d 599, 602 (Tex. Crim. App. 2004)).

The Court of Criminal Appeals then discussed its recent precedents that analyzed allegedly defective indictments:

> In *Delarosa v. State*, this Court was asked to determine whether the indictment in that case alleged the offense of non[]consensual sexual assault, sexual assault of a child, or both. 677 S.W.3d 668, 677 (Tex. Crim. App. 2023). The body of the indictment "completely alleged non[]consensual sexual assault, omitting no element." *Id.* As a consequence, the indictment body was "facially complete." *Id.* By contrast, the body of the indictment did *not* allege the "child under 17" element needed to establish sexual assault of a child. *Id.* at 678. Although the caption of the indictment contained the phrase "sexual assault of a child" and cited the Penal Code provision for sexual assault of a child, the Court held that the information in the caption did not constitute an "allegation" for purposes of alleging an offense. *Id.*

17

Consequently, the Court held that the indictment alleged only non[]consensual sexual assault and did not allege sexual assault of a child. *Id.* at 677–78.

Similarly, in *Crawford v. State*, we needed to determine whether the indictment alleged the offense of assault on a public servant, assault on a peace officer, or both. 710 S.W.3d 774, 780–81 (Tex. Crim. App. . . . 2025). We held that because the indictment alleged assault on a "deputy sheriff," who, in fact, was a "peace officer," the indictment included every fact needed to convict the appellant of assault on a peace officer. *Id.* at 780–82.

*Id.* at 811.

Applying the recent holdings, *Gutierrez* concluded that the indictment it reviewed alleged the offense of super aggravated sexual assault of a child because "[t]he indictment for each count alleged that [a]ppellant had 'intentionally and knowingly [committed sexual assault of] a child who was then and there younger than 14 years of age[] and [an aggravating factor].'" *Id.* With this conclusion in place, the remaining question was "whether the aggravating factor language was so grammatically defective as to fail to provide [a]ppellant notice of the statutory offense with which [a]ppellant was charged." *Id.*

Here, we conclude that the indictment alleges the offense of continuous sexual abuse of a young child. In his argument, Appellant disregards that the indictment states in Count One that he "commit[ted] two or more acts of sexual abuse, namely: aggravated sexual assault *of a child under 14*." [Emphasis added.] The indictment also alleges that Appellant "was 17 years of age or older." These allegations set forth the age elements of the offense of continuous sexual abuse of a young child. *See* Tex.

18

Penal Code Ann. § 21.02(b)(2)(A) (stating that "at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is . . . a child younger than 14 years of age, regardless of whether the actor knows the age of the victim at the time of the offense").

The question becomes whether the defective aspect of the indictment "was so grammatically defective as to fail to provide Appellant notice of the statutory offense with which [he] was charged." *Gutierrez*, 710 S.W.3d at 811. Again, the defective phrase and clause were that "at the time of the commission of each of these acts of sexual abuse [Appellant] was 17 years of age or older and was younger than 14 years of age regardless of whether [Appellant] knows the age of [F.D.]"

Appellant contends that "[t]he language of the indictment authorized conviction on proof that [']the defendant . . . was younger than 14 years of age[.']" Appellant's sly editing avoids both a full quotation and the obvious defect in the two independent clauses. A full quotation does not reveal that the indictment alleged that Appellant was fourteen years or younger but that he was seventeen years or older and possibly another age. A full quotation of the clauses shows that they contain an error because they state an impossibility that will be apparent to even a casual reader: the phrases allege that Appellant was both "17 years of age or *older*" and "*younger* than 14 years of age." The latter phrase continues and indicates the obviously missing subject of the clause "was younger than 14 years of age *regardless of whether* [*Appellant*] *knows the age of* [*F.D.*]" [Emphasis added.]

19

Thus, not only does the clause that Appellant relies on make sense only if a subject other than Appellant is inserted, but also the other portion of the indictment that we quoted alleges who that subject is—a child under 14. No reader would doubt that child is F.D.—the complainant. And the clause that is the focus of Appellant's argument ends with the phrase "regardless of whether [Appellant] knows the age of [F.D.]"—another indication that the clause is referring to F.D. (the complainant). And indeed, if Appellant could make a bona fide claim of confusion, the next paragraph of the indictment (Count Two) should resolve that because it alleges that "[F.D.] was younger than 14 years of age at the time of the offense regardless of whether [Appellant] knows the age of [F.D.]"

As we read *Gutierrez*, the question of the sufficiency of an indictment is not whether an indictment contains a grammatical defect but whether that defect—if the indictment alleges an offense—"fail[s] to provide Appellant notice of the statutory offense with which Appellant was charged." *Id.* When examined in context, Appellant cannot sustain an argument that the indictment in this case deprived him of notice of the allegation that the complainant was younger than 14 years of age or led him to believe that it alleged that he was 14 years of age or younger.

We overrule Appellant's second issue.

## IV. Conclusion

Having overruled Appellant's two issues, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 14, 2025